IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:15-CR-290 |
| | ) | |
| JOSE DEL TRANCITO GARCIA-TERUEL, | ) | |
| | ) | The Honorable Liam O'Grady |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION TO SEAL AND SUPPORTING MEMORANDUM PURSUANT TO LOCAL CRIMINAL RULE 49(E)

The United States, through undersigned counsel, submits this Motion to Seal pursuant to Local Rule of Court 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, and asks for an Order sealing the Government's Motion to Depose a Witness, which will be filed with the Clerk's Office on April 16, 2021. The Motion to Depose a Witness will be filed under seal pursuant to Local Rule 49(E), which provides that the filing is to be treated as sealed pending the outcome of this motion to seal.

The United States seeks to file the Motion to Depose a Witness under seal because it contains information that should not be publicly available. Specifically, the Motion to Depose a Witness proffers the witness's testimony. Under Federal Rule of Evidence 615, witnesses generally should not hear other witnesses' testimony. Filing the Motion to Depose a Witness under seal prevents other witnesses from learning of the testimony. Furthermore, the Motion to Depose a Witness contains identifying information regarding an incarcerated, cooperating witness. Disclosure of the Motion to Depose a Witness could endanger the witness's safety.

This Court has the inherent power to seal materials submitted to it. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *In re Sealed Affidavit(s) to Search Warrants Executed on February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979) (recognizing that "the courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect its interests. The Motion to Depose a Witness should remain sealed until further Order of the Court.

A proposed sealing order is submitted herewith for the convenience of the Court.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

_____/s/_____
Anthony T. Aminoff
Thomas W. Traxler
James L. Trump
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Email: Thomas.traxler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

_____/s/_____
Anthony T. Aminoff
Assistant United States Attorney