IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
IN OPEN COURT
JUN 2 4 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE DEL TRANCITO GARCIA-TERUEL,<br><br>Defendant. | Case No. 1:15-cr-290 |

STATEMENT OF FACTS

The United States and the defendant, JOSE DEL TRANCITO GARCIA-TERUEL (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. The defendant, Jose del Trancito Garcia-Teruel, is a citizen of Honduras. He was born in or about September 1965.

2. From at least in or around 2006 and continuing thereafter up to and including October 8, 2015, in Honduras and elsewhere, the defendant and numerous others, including but not limited to, Noe Montes-Bobadilla (a/k/a "Ton"), Erlinda Ramos-Bobadilla (a/k/a "Chinda"), Alejandro Montes-Bobadilla (a/k/a "Pimpi"), Juan Carlos Montes-Bobadilla (a/k/a "Mono"), and Arnulfo Fagot-Maximo (a/k/a "El Tio"), knowingly and intentionally combined, conspired, confederated, and agreed to knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States.

3. During the course of the conspiracy, the Montes-Bobadilla family—including Tito Montes-Bobadilla, Erlinda Ramos-Bobadilla, Noe Montes-Bobadilla, Alex Adan Montes-

1

Bobadilla, Alejandro Montes-Bobadilla, and Juan Carlos Montes-Bobadilla—operated a drug-trafficking organization based in the Department of Colón, Honduras, located on the northeastern coast on the Caribbean Sea. In the Department of Colón and the neighboring Department of Gracias a Dios, the Montes-Bobadilla organization (hereinafter, "Montes DTO") received maritime and clandestine air shipments containing large quantities of cocaine from sources in South America, primarily Colombia. After receiving a shipment of cocaine, the Montes DTO worked with other drug traffickers to transport the cocaine through Honduras into Guatemala and, eventually, Mexico, where the cocaine would then be imported into, and distributed within, the United States.

4. The Montes DTO was a family-run operation. Tito Montes-Bobadilla was the leader of the Montes DTO until his death in approximately 2010. At or around that time, his son, Noe Montes-Bobadilla, assumed control of the Montes DTO. Noe worked closely with (among others) his mother, Erlinda Ramos-Bobadilla, and his brothers, Alejandro Montes-Bobadilla and Juan Carlos Montes-Bobadilla, to oversee all aspects of the family's cocaine-trafficking operations.

5. During and in furtherance of the conspiracy, the defendant participated in the Montes DTO's cocaine-trafficking operations. The defendant worked directly with Noe Montes-Bobadilla and with family members of Noe Montes-Bobadilla.

6. During and in furtherance of the conspiracy, the defendant brokered cocaine transactions with drug traffickers in Mexico, Central America, and South America on behalf of the Montes DTO. In that capacity, the defendant negotiated the prices and other terms of cocaine deals. The defendant also coordinated the logistics of cocaine transactions with South American sources of supply, such as the methods of shipment and security for the cocaine loads. Noe

Montes-Bobadilla at times delegated authority to the defendant to negotiate cocaine transactions on his behalf.

7. During and in furtherance of the conspiracy, the defendant traveled to other countries in Central America and South America to meet with cocaine suppliers and broker cocaine deals for the Montes DTO. For example, in or around late February to early March 2014, the defendant traveled to Panama on behalf of Noe Montes-Bobadilla to meet with an individual to discuss the procurement and transportation of a maritime shipment of hundreds of kilograms of cocaine. Likewise, in or around June 2015, the defendant traveled to Panama again to meet with other individuals to discuss plans for a shipment of cocaine from Colombia to the Montes DTO in Honduras.

8. During and in furtherance of the conspiracy, the defendant coordinated the use of multiple methods for transporting cocaine from South America to the Montes DTO in Honduras, including the use of go-fast boats, commercial container ships, and sailboats. The defendant would travel to the Montes DTO's base of operations in the Department of Colón to ensure the successful receipt of the shipment of cocaine.

9. During and in furtherance of the conspiracy, the Montes DTO typically paid the defendant in U.S. dollars and in cash for his work in brokering and coordinating cocaine transactions.

10. The total amount of cocaine involved in this conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was more than four hundred and fifty (450) kilograms. The defendant knew and intended that the cocaine that he conspired to distribute would be unlawfully imported into the United States for further distribution.

3

11. The defendant agrees venue and jurisdiction lie with this Court pursuant to 18 U.S.C. § 3238.

12. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

13. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

Date: June 24, 2021   By: _____
Anthony T. Aminoff
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JOSE DEL TRANCITO GARCIA-TERUEL, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JOSE DEL TRANCITO GARCIA-TERUEL

I am Vernida Chaney, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Vernida Chaney, Esq.
Attorney for JOSE DEL TRANCITO GARCIA-TERUEL